# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV106-1-C
# 3:00CR137-V

| | |
|---|---|
| FREEMAN LEE ROGERS, Jr., )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed February 25, 2005; and upon Petitioner's Motion to Amend, filed March 15, 2005. After thoroughly reviewing Petitioner's motion and the record, the Court concludes that Petitioner's Motion to Vacate is without merit and his Motion to Amend is futile.

## PROCEDURAL HISTORY

On July 11, 2000, Petitioner was one of seven individuals named in a six count Bill of Indictment. Petitioner was charged with conspiracy to possess with intent to distribute, and distribute, a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was also charged with knowingly using and carrying a 9 mm. handgun during and in relation to a drug trafficking crime and in the course of this crime causing the death of Ronnie William Young, through the use of a firearm during the perpetration of a robbery in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1). On September 12, 2000, a Superceding Bill of Indictment was

entered which, among other things, set forth that the conspiracy charge involved 50 or more kilograms of cocaine base and 2 kilograms or more of cocaine. On November 7, 2000, a Second Superceding Bill of Indictment was filed, which among other things, changed the amount of cocaine base to 50 grams or more. A Third Superceding Bill of Indictment was filed on November 8, 2003. After a trial by jury, the Petitioner was found guilty on both counts and sentenced to concurrent life sentences. Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On November 12, 2003, the Fourth Circuit denied Petitioner's appeal. On March 1, 2004, the United States Supreme Court denied Petitioner's petition for writ of certiorari. On February 25, 2005,[1] Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. On March 15, 2005, Petitioner filed a Motion to Amend his Motion to Vacate.

## ANALYSIS

### I. JURISDICTION

Petitioner alleges that this Court erred when it did not acquit him of his 18 U.S.C. §§ 924(c)(1) and (j)(1) charge because the Government failed to prove the jurisdictional element for murder as set forth in 18 U.S.C. § 1111(b). More specifically, Petitioner alleges that the Government failed to establish that he murdered Mr. Young "within the special maritime and territorial jurisdiction of the United States" and therefore failed to prove an essential element of

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, Petitioner's Motion to Vacate would be deemed filed on, February 25, 2005, the date he delivered it to prison officials for forwarding to the district court.

2

the crime.

Petitioner's claim is meritless. Section 924(j)(1) does not require that the murder at issue occur within the special maritime and territorial jurisdiction of the United States. Rather, § 924(j) references § 1111 to incorporate that statutory section's definition of murder. 18 U.S.C. § 924(j)(1)("if the killing is murder (as defined in section 1111)"). Section 924(j) does not reference § 1111 to incorporate its jurisdictional requirement. Consequently, Petitioner's jurisdictional claim is frivolous and it is dismissed.

## II. DUAL SUBSTANCE CLAIM

Petitioner also alleges that because two different drugs – cocaine and crack cocaine – were set forth in his Indictment it is impossible to know to which drug he pled guilty.

Petitioner's claim is nonsensical. He was tried and convicted by a jury – he did not plead guilty. Moreover, the jury returned a special verdict finding him guilty of conspiracy to possess with intent to distribute at least two kilograms of cocaine and at least 50 grams of cocaine base.

## III. APPRENDI VIOLATION

Petitioner also alleges that his sentence violated the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), because his sentence was enhanced as to drug type and drug quantity.

Again, Petitioner was convicted after trial by jury where the jury returned a special verdict finding him guilty of possession with intent to distribute at least two kilograms of cocaine and at least 50 grams of cocaine base. The facts simply do not support a conclusion that any Apprendi/Blakely or Booker violation occurred. Moreover, neither Blakely v. Washington, 124

S. Ct. 2531 (2004), nor United States v. Booker, 125 S. Ct. 738 (2005), were decided prior to Petitioner's case becoming final and neither case has been declared by the Supreme Court to be retroactive on collateral review.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. At 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992), cert. denied, 506 U.S. 885 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner asserts that his counsel was ineffective for failing to challenge his defective indictment and for failing to challenge the unlawful enhancements. As set forth more fully above, these claims are meritless. Consequently, Petitioner's counsel was not ineffective for failing to raise these claims nor was Petitioner prejudiced by his counsel's failure to do so.

## V. MOTION TO AMEND

Petitioner requests in his response to Respondent's Motion for Summary Judgment that he be allowed to amend his Motion to Vacate to include a claim pursuant to Shepard v. United

4

States, 125 S. Ct. 1254 (2005). More specifically, Petitioner wishes to amend his Motion to Vacate to include a claim that his Assault on a Female convictions did not constitute "crimes of violence."

Federal Rule of Civil Procedure 15 governs the procedure for amending § 2255 motions. Under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend shall be freely given, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962). A cause of action barred by an applicable statute of limitations is futile and therefore an amendment based on such a cause of action can be denied. See Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). However, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. Relation back is permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." Fed. R. Civ. P. 15(c)(2).

Petitioner timely filed his Motion to Vacate. However, Petitioner's Motion to Amend was filed after his limitation period expired.[2] Because Petitioner's amended claims do not relate back[3] to his original claims, the Court denies his Motion to Amend.

Moreover, even if Petitioner's Motion to Amend were timely filed, his claim is meritless.

---

[2] Petitioner's case became final on direct review when the Supreme Court denied his petition for writ of certiorari on March 1, 2004. Therefore his limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) expired on or about March 2, 2005. 28 U.S.C. § 2255. He filed his Motion to Amend on March 15, 2005.

[3] According to the Fourth Circuit Court of Appeals, "[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000).

5

At the time of his convictions, Assault on a Female was punishable by up to two years imprisonment. In addition, the crime, by its nature, has an element of physical force against the person of another. The <u>Shepherd</u> case has no bearing on such a determination.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**; and

2. Petitioner's Motion to Amend is **DENIED**.

This the 2rd day of December 2005.

/s/ James C. Cacheris
James C. Cacheris
United States District Judge