UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00-CR-137-MOC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **FREEMAN LEE ROGERS, JR.,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Resentencing and Reduce Sentence Pursuant to First Step Act of 2018. (Doc. No. 384). The Government has filed a Response in opposition to the motion, and Defendant has filed a Reply. (Doc. No. 389, 398).

I. BACKGROUND

Between 1998 and 1999, Defendant participated in a drug-trafficking conspiracy that operated in Charlotte, North Carolina. (Presentence Report ("PSR") ¶¶ 7–8). Joseph Tate was the leader of the conspiracy, and Defendant was Tate's stepfather. (Id.). Defendant lived in a home with Tate, and Defendant distributed crack cocaine from the home. (Id. ¶ 8). Tate and his co-conspirators distributed at least six kilograms of crack cocaine during the conspiracy. (Id.).

In March of 1999, Defendant drove with two companions, one of whom was Ronnie Young, to a public park in Charlotte where they intended to smoke crack cocaine they had bought from Tate. (Id. ¶ 9). While there, Defendant decided to steal $150 from Tate and pointed a nine-millimeter pistol at Young, ordering him to get out of the car they were sitting in. (Id.). As Defendant pointed the pistol at Young, Young tried to grab it, and Defendant shot Young once in the chest, killing him. (Id.).

1

A federal grand jury indicted Defendant and four others, charging them with conspiring to possess with intent to distribute at least 50 grams of crack and 2 kilograms of powder cocaine, 21 U.S.C. § 846. (Id. ¶¶ 1–2). Defendant was also charged with using a firearm during and in relation to a drug-trafficking offense resulting in murder, 18 U.S.C. § 924(c), (j). (Id. ¶ 1). Defendant proceeded to trial, and a jury found Defendant guilty of both offenses. (Id. ¶ 4). The jury also found that at least 50 grams of crack cocaine and 2 kilograms of powder cocaine were attributable to Defendant for the conspiracy offense. (Id.).

This Court's probation office submitted a presentence report and, cross-referencing the first-degree murder guideline, U.S.S.G. § 2A1.1, calculated a base and total offense level of 43. (Id. ¶¶ 18, 28). Based on a total offense level of 43 and a criminal-history category of VI, the Sentencing Guidelines called for a sentence of life in prison for the drug-trafficking offense. (Id. ¶ 109). Defendant also faced a statutory mandatory-minimum term of life in prison for his Section 924(j) firearm offense. (Id. ¶ 108). This Court sentenced Defendant to life in prison for both offenses. (Id., Doc. 222 at 2). Defendant now asks this Court to reduce his sentence under the First Step Act.

## II.   DISCUSSION

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are

2

eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222.

In United States v. Gravatt, this Court held the defendant, who pleaded guilty to participating in a conspiracy to possess with intent to distribute both crack and powder cocaine, was convicted of a "covered offense" under the First Step Act, even if the quantity of powder cocaine involved in the offense would have independently supported the defendant's statutory range and sentence. 953 F.3d 258, 263–64 (4th Cir. 2020). The Court explained that because Gravatt's offense would be a "covered offense" if it had involved only crack cocaine, the fact that it also involved powder cocaine did not remove it from the purview of the First Step Act. Id.

Taken together, Wirsing and Gravatt mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) before the effective date of the Fair Sentencing Act is eligible for a reduction of his drug-trafficking sentence under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced.

Here, Defendant is eligible for a discretionary reduction of his drug-trafficking sentence under the First Step Act because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. He was found guilty of conspiring to possess with intent to distribute both crack and powder cocaine, and Gravatt makes clear that his crack cocaine offense is a "covered offense" under section 404(a) of the First Step Act.

This Court will nevertheless exercise its discretion not to reduce Defendant's sentence because Defendant's guideline sentence was determined based on the cross-reference to the first-

3

degree murder guideline and the First Step Act has no effect on the sentence advised by the Guidelines. See (Doc. No. 375 at 2). Defendant was responsible for distributing crack cocaine and for murdering Young. As it did when it originally sentenced Defendant, the Court finds now that the nature and circumstances of Defendant's offense, his history and characteristics, the need for deterrence, and the need to protect the public all weigh in favor of the life sentence Defendant is serving for his drug-trafficking offense. Additionally, Defendant is serving a concurrent sentence of life in prison for his section 924(j) firearm offense, and the First Step Act does not authorize a reduction of that sentence.

In sum, because application of the Fair Sentencing Act would not have affected Defendant's custodial sentence and the Section 3553(a) sentencing factors weigh against a sentence below the range advised by the Sentencing Guidelines, the Court denies Defendant's motion for a reduced sentence for his drug-trafficking offense under the First Step Act.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Reduce Sentence Pursuant to First Step Act of 2018, (Doc. No. 384), is **DENIED**.

Signed: February 4, 2022

Max O. Cogburn Jr
United States District Judge